Wheeler, C. J.
—We think there is error in the charge of the court, by which the jury may have been misled in their finding. The charge supposes that the defendant might rightfully refuse to receive the jack if he were not in good condition, and the mules he was to give in exchange for him could not be found; for the jury are instructed that if the jack was tendered to the defendant, and he refused to receive him for these causes, they should find for the defendant.'
*260 This was not according to the terms of the contract. The defendant had no right, under his contract, to refuse to receive the jack for either of the causes mentioned in the charge. There were contingencies in the contemplation of the contracting parties, upon the happening of which the contract would have been defeated. But these contingencies did not happen. And it does not appear by the evidence that any state of case existed upon which the defendant was at liberty to refuse to receive the animal when tendered to him. The evidence does not establish any positive stipulation as to the condition the animal should be in when delivered. It was supposed he was in good order. Of course it was not contenrplated that he would be in so bad order as materially to affect his value. This may be. supposed to be the tacit understanding of the parties. And the evidence would scarcely warrant the conclusion that the condition of the animal was not such as to fulfill this understanding.' We see nothing in the evidence to warrant the belief that there was any express stipulation 'or tacit implication that the animal was to be delivered in any better condition than the evidence shows him to have been in when delivered. The plaintiff appears to have fulfilled his part of the contract according to its terms and intention, and the defendant does not appear to have shown any sufficient excuse for refusing performance on his part; at least, it does not appear that he was relieved from the duty to perform for the causes supposed by the 'charge of the court.
For the error in the charge, we are of opinion that the judgment must be •
Reversed and the cause remanded.